[Civil No. 1514.   Filed June 2, 1916.]

[157 Pac. 1018.]

E. O. KELLY, Appellant, v. PROVIDENT MUTUAL
BUILDING LOAN ASSOCIATION and TITLE GUAR-
ANTY & TRUST COMPANY, Corporations, and O. GIB-
SON, Appellees.

1. PLEADING—CONCLUSIONS.—A complaint, in an action to recover pur-
chase money paid for land bought at public sale, which alleges
merely the legal conclusion that defendant had "no lawful right to
make such sale," and sets forth no facts on which such conclusion
is based, and alleges no fraud, duress or mistake, states no ground
of recovery.

2. PLEADING—COMPLAINT—DEMURRER.—The court is confined to the
allegations of the complaint in testing its sufficiency on general
demurrer.

APPEAL from a judgment of the Superior Court of the
County of Cochise.   A. C. Lockwood, Judge.   Affirmed.

Mr. John C. Gung'l, for Appellant.

Mr. O. Gibson, for Appellees.

ROSS, C. J.—The only question involved in this case is as
to whether the complaint states facts sufficient to constitute
a cause of action.   The gravamen of the complaint is stated
as follows:

"That on December 7, 1914, the defendant O. Gibson,
claiming or pretending to act as attorney of the Provident
Mutual Building Loan Association and the Title Guaranty &
Trust Company, corporations, sold at public auction, to the
plaintiff, the highest bidder, for the sum of eight hundred
ninety-two and 53/100 ($892.53) dollars, lawful money of
the United States of America, lot 15, block 31, of the original
townsite of Willcox, Cochise county, Arizona, claiming the
right so to do under a deed of trust executed by A. Joseph
Schwertner and wife, Louise, dated November 7, 1899, for the
sum of two thousand ($2,000.00) dollars, and executed to the
Provident Mutual Building Loan Association, and the Title

Guarantee & Trust Company, herein mentioned. And which said sum of eight hundred ninety-two and 53/100 ($892.53) dollars in lawful money, the plaintiff then and there paid to the defendant O. Gibson, and whereas, in truth and in fact the defendant had and possessed no lawful right to make said sale, or to sell or otherwise dispose of the said property, or any part thereof, that they then and there attempted to sell and convey unto the plaintiff, and therefore plaintiff received no valuable consideration for said sum he so paid the defendants.''

There follows an allegation of demand for the return by the defendants of the sum of $892.53, and a refusal on the part of defendants, and a prayer for judgment for that amount. A general demurrer to this complaint was sustained by the court. The plaintiff refusing to amend, judgment of dismissal was entered. From this judgment he appeals.

The judgment was unquestionably correct. The pleader has failed to set forth any fact entitling him to recover the money that he paid. He says that the defendants had ''no lawful right to make said sale, or to sell or otherwise dispose of the said property, or any part thereof.'' This allegation is clearly a conclusion of law. Nor has he stated any facts from which this conclusion might be deduced. He further says:

''That they [defendants] then and there attempted to sell and convey unto the plaintiff, and therefore plaintiff received no valuable consideration for said sum he so paid the defendants.''

This allegation does not advise the court of what the ''attempt'' consisted, nor why the consideration failed.

If we would enter into the field of speculation, there is nothing in the complaint to preclude us from concluding that the appellant received everything that he bought and paid for. It is not shown that he did not receive a certificate of sale or deed of the lot described, or that possession was withheld, nor that he is not now in the occupation and enjoyment of the premises.

In appellant's brief he argues at some length that he purchased said property under a mistake of law. Should it be granted, for the moment, that he might recover the purchase price of property sold to him at public auction under a mis-

take of law, there is nothing in the complaint to inform the court of any such mistake. There is nothing in the complaint of fraud, duress or mistake, either of law or fact. In testing the sufficiency of the complaint on general demurrer, we are confined to its allegations.

Judgment is affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.